**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DELIA GOTTKE, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**AMMOORA, INC., et al.**<br><br>**Defendants.** | **Civil Case No. 1:23-cv-03249-MJM** |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Ammoora, Inc. ("Ammoora"), Jay J. Salkini ("Mr. J. Salkini"), Markie Britton ("Ms. Britton"), Andy Salkini ("Mr. A. Salkini"), and Colin Kahoe (Mr. Kahoe) (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby file this Answer to the Complaint filed by Plaintiffs Delia Gottke, Tim Linaberry, Luke Percy, and Arianna Wilgar (collectively "Plaintiffs"), as set forth below.

Subject to the defenses listed herein, Defendants respond to the specific allegations contained in the numbered paragraphs of the Complaint. For convenience only, and not to be construed as any admission, Defendants use the headings used by Plaintiffs in their Complaint. Any allegation not explicitly admitted herein is hereby denied.

The opening paragraph of Plaintiffs' Complaint contains a recitation that Plaintiffs bring claims, to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring the claims asserted, but Defendants deny that Plaintiffs have valid or viable claims or that they are entitled to a jury trial with respect to any claim, issue, or element of relief included herein to which they are not entitled as a matter of right.

**Introduction**

1.      This Paragraph contains a recitation of the claims Plaintiffs purport to assert, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs have valid or viable claims.

2.      This Paragraph contains a recitation of claims that Plaintiffs purport to assert, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs have valid or viable claims.

**Jurisdiction and Venue**

3.      This Paragraph contains a jurisdictional statement and conclusion of law to which no response is required.  To the extent any response is required, the allegations are denied.

4.      This Paragraph contains a jurisdictional statement and conclusion of law to which no response is required.  To the extent any response is required, the allegations are denied.

5.      This Paragraph contains venue and jurisdictional statements and conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

**Parties**

6.      Admitted.

7.      Defendants admit that Mr. J. Salkini is the sole owner of Ammoora. The remaining allegations in this Paragraph are denied.

8.      Defendants admit that in 2023, Ammoora's gross income exceeded $500,000. To the extent not expressly admitted, the allegations in this Paragraph are denied.

9.      The first sentence of Paragraph 9 is a conclusion of law to which no response is required.  Defendants admit the allegations in the second and third sentences of Paragraph 9 of the Complaint.

10.     Defendants admit the allegations in Paragraph 10 of the Complaint.

11.     This Paragraph contains jurisdictional statements and conclusions of law to which no response is required.

12.     Defendants admit that Mr. J. Salkini is the sole owner of Ammoora.  The remaining allegations in this Paragraph are denied.

13.     The allegations in this Paragraph are denied.

14.     Defendants admit that Mr. J. Salkini had authority to make decisions on certain matters. To the extent not expressly admitted, the allegations in this Paragraph are denied.

15.     Defendants admit that Mr. J. Salkini had authority to hire and fire employees or direct the hiring and firing of employees.  The remaining allegations in this Paragraph are denied.

16.     The allegations in this Paragraph are denied.

17.     The allegations in this Paragraph are denied.

18.     The allegations in this Paragraph are denied.

19.     Defendants admit that Mr. A. Salkini had duties related to processing Ammoora's payroll, on certain occasions he oversaw the expo line, and he assisted with voids in the Point-of-Sales system.  The remaining allegations in this Paragraph are denied.

20.     Defendants admit that, during certain time periods, the allegations in the first three sentences of Paragraph 20 were true, and that Mr. Kahoe had authority to set or change employees' schedules.  The remaining allegations in this Paragraph are denied.

21.     The allegations in this Paragraph are denied.

22.     This Paragraph contains a legal conclusion to which no response is required. To the extent any response is required, the allegations are denied.

23.     This Paragraph contains a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

24.     Defendants admit that, on certain days during certain hours, Plaintiffs worked as tipped severs at Ammoora.  To the extent not expressly admitted, the allegations in this Paragraph are denied.

25.     This Paragraph contains a recitation of claims that Plaintiffs purport to assert and damages Plaintiffs are seeking, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs have valid or viable claims or that they are entitled to any damages.

26.     This Paragraph contains a recitation of damages that Plaintiffs Gottke and Wilgar claim, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs Gottke and Wilgar and entitled to any damages.

27.     This Paragraph contains a legal conclusion to which no response is required.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     This Paragraph contains a recitation of damages claimed by Plaintiffs, to which no response is required. To the extent any response is required, Defendants deny that Plaintiffs are entitled to any damages.

## **Factual Allegations**

### Delia Gottke

30.     Defendants admit that Ms. Gottke was employed by Ammoora from approximately January 2023 to August 2023.  The remaining allegations in this Paragraph are denied.

31.     Defendants admit that Ms. Gottke was employed as a server. The remaining allegations in this Paragraph are denied.

32.     Defendants admit that beginning with the pay period starting on February 6, 2023, Ms. Gottke was paid a direct wage of $3.63 per hour for her non-training hours working as a server, and she also received tips.  The remaining allegations of this Paragraph are denied.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants admit that Ms. Gottke's schedule was subject to change for reasons that include the needs of the restaurant.  To the extent not expressly admitted, the allegations in this Paragraph are denied.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants admit that Ms. Gottke's shifts ended at various times. The remaining allegations of Paragraph 37 are denied.

38.     Defendants admit that generally, Ammoora opened its doors to customers at 5:00 p.m. The remaining allegations in this Paragraph are denied.

39.     Defendants admit that Ms. Gottke performed tip producing work and work supporting tip producing work. The remaining allegations of this Paragraph are denied.

40.     Defendants that Ms. Gottke performed tip producing work and work supporting tip producing work for Defendants. The remaining allegations of this Paragraph are denied.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

<u>Tim Linaberry</u>

44.     Defendants admit that Mr. Linaberry was employed by Ammoora from approximately February 2023 to December 2023.  The remaining allegations of this Paragraph are denied.

45.     Defendants admit that Mr. Linaberry was employed as a part-time server, he was paid a direct wage of $3.63 per hour for his non-training hours working as a server, and he also received tips.

46.     Defendants admit that the number of hours Mr. Linaberry worked each week varied.  The remaining allegations of Paragraph 46 are denied.

47.     Admitted.

48.     Defendants admit that Mr. Linaberry's shifts ended at various times.  The remaining allegations of Paragraph 48 are denied.

49.     Defendants admit that generally, Ammoora opened its doors to customers at 5:00 p.m. The remaining allegations in this Paragraph are denied.

50.     Defendants admit that Mr. Linaberry performed tip producing work and work supporting tip producing work. The remaining allegations of this Paragraph are denied.

51.     Defendants admit that Mr. Linaberry performed tip producing work and work supporting tip producing work. The remaining allegations of this Paragraph are denied.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

<u>Luke Percy</u>

54.     Defendants admit that Mr. Percy was employed by Ammoora from approximately June 2023 to November 2023. The remaining allegations in this Paragraph are denied.

6

55.     Defendants admit that Mr. Percy was employed as a part-time server, he was paid a direct wage of $3.63 per hour for his non-training hours working as a server, and he also received tips.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants admit that Mr. Percy typically arrived at the restaurant around 4:00 PM. To the extent not expressly admitted, the allegations in this Paragraph are denied.

58.     Defendants admit that Mr. Percy's shifts ended at various times.  The remaining allegations of Paragraph 58 are denied.

59.     Defendants admit that, generally, Ammoora opened its doors to customers at 5:00 p.m. The remaining allegations in this Paragraph are denied.

60.     Defendants admit that Mr. Percy performed tip producing work and work supporting tip producing work. The remaining allegations of this Paragraph are denied.

61.     Defendants admit that Mr. Percy performed tip producing work and work supporting tip producing work. The remaining allegations of this Paragraph are denied.

62.     Defendants deny the allegations of Paragraph 62 of the Complaint.

63.     Defendants deny the allegations of Paragraph 63 of the Complaint.

<u>Arianna Wilgar</u>

64.     Defendants admit that Ms. Wilgar was employed by Ammoora from approximately January 2023 to September 2023. The remaining allegations of this Paragraph are denied.

65.     Defendants admit that Ms. Wilgar was employed as a part-time server. The remaining allegations in this Paragraph are denied.

66.     Defendants admit that Ms. Wilgar was paid a direct wage of $3.63 per hour for her non-training hours working as a server, and she also received tips. The remaining allegations of this Paragraph are denied.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants admit the allegations in Paragraph 68 of the Complaint.

69.     Defendants admit that Ms. Wilgar typically arrived at the restaurant around 4:00 PM.  To the extent not expressly admitted, the remaining allegations in this Paragraph are denied.

70.     Defendants admit that Ms. Wilgar's shifts would end at various times.  Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants admit that generally, Ammoora opened its doors to customers at 5:00 p.m. The remaining allegations in this Paragraph are denied.

72.     This Paragraph does not contain a complete sentence or an otherwise understandable allegation.  Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in this Paragraph and, therefore, said allegations are denied.

73.     Defendants admit that Ms. Wilgar performed tip producing work and work supporting tip producing work for Defendants. The remaining allegations of this Paragraph are denied.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

<u>Further Factual Allegations</u>

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants admit that Plaintiffs were subject to a mandatory tip pool with other tipped employees, which included tipping out certain percentages of tips to server assistants and

bartenders.  To the extent not expressly admitted, the remaining allegations in this Paragraph are denied.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     The allegations in this Paragraph are vague and ambiguous, such that Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, said allegations are denied.

80.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 80 and, therefore, said allegations are denied.

81.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 81 and, therefore, said allegations are denied.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants admit that in July 2023, Ammoora hired Nathan Cuthrell to be the Wine Director. The remaining allegations in this Paragraph are denied.

84.     Defendants admit that on four days between July 27, 2023 and August 5, 2023, there was a tip-out on wine bottle sales to Nathan Cuthrell, the Wine Director.  To the extent not expressly admitted, the remaining allegations in this Paragraph are denied.

85.     Defendants admit that on four days between July 27, 2023 and August 5, 2023, there was a tip-out on wine bottle sales to Nathan Cuthrell, the Wine Director.  To the extent not expressly admitted, the remaining allegations in this Paragraph are denied.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 89 and, therefore, said allegations are denied.

90.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 90 and, therefore, said allegations are denied.

91.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 91 and, therefore, said allegations are denied.

92.     Defendants admit that Ms. Gottke communicated that she had a proposal related to tips. The remaining allegations in this Paragraph are denied.

93.     Defendants admit that Ms. Gottke communicated that she had a proposal related to tips. The remaining allegations in this Paragraph are denied.

94.     Defendants admit that Mr. A. Salkini and Mr. Kahoe met with four servers to discuss the pooling of tips.  The remaining allegations in this Paragraph are denied.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 97 and, therefore, said allegations are denied.

98.     Defendants admit that Plaintiff Gottke was terminated from her employment with Ammoora. The remaining allegations in this Paragraph are denied.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 100 and, therefore, said allegations are denied.

101.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 101 and, therefore, said allegations are denied.

102.    Defendants admit that on August 20, 2023, Mr. Kahoe sent a message to servers regarding Mr. Cuthrell's commission on wine bottle sales.  To the extent not expressly admitted, the allegations in this Paragraph are denied.

103.    Defendants lack sufficient knowledge or information to admit or deny the allegations in the first two sentences of Paragraph 103 and, therefore, said allegations are denied. The remaining allegations in this Paragraph are denied.

104.    Defendants admit that on Mr. Kahoe communicated to Ammoora employees about the implementation of a new tip policy, in accordance with applicable law. Defendants admit that on September 8, 2023, Ms. Wilgar sent a message related to the tip pool. The remaining allegations in this Paragraph are denied.

105.    Defendants lack sufficient knowledge or information to admit or deny the allegations in the first two sentences of Paragraph 105 and, therefore, said allegations are denied.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 107 and, therefore, said allegations are denied.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 109 and, therefore, said allegations are denied.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

<u>General Legal Allegations</u>

112.    This Paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

113.    This Paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

114.    This Paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

115.    This Paragraph contains legal conclusions to which no response is required. To the extent any response is required, denied.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in Paragraph 19, including all subparagraphs (a) through (f).

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    This Paragraph contains a recitation of damages claimed by Plaintiffs to which no response is required. To the extent any response is required, Defendants deny that Plaintiffs are entitled to any damages.

## Causes of Action

### COUNT I
### (Alleged FLSA – Failure to Pay Minimum Wage)
### (All Plaintiffs)

122.    Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein.  Defendants deny the allegations in this Paragraph.

123.    Defendants deny the allegations in Paragraph 123 of the Complaint.

**COUNT II**
**(Alleged FLSA – Failure to Pay Overtime)**
**(Plaintiff Gottke)**

124.    Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein.  Defendants deny the allegations in this Paragraph.

125.    Paragraph 125 contains legal conclusions to which no response is required.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

**COUNT III**
**(Alleged FLSA – Anti-Tip Retention)**
**(All Plaintiffs)**

127.    Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein. The remainder of this Paragraph contains legal conclusions to which no response is required.

128.    Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    This Paragraph contains a conclusion of law to which no response is required. The remaining allegations of this Paragraph are denied.

130.    Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

**COUNT IV**
**(Alleged MWHL – Failure to Pay Minimum Wage)**
**(All Plaintiffs)**

133.    Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein.  Defendants deny the allegations in this Paragraph.

134.   Defendants deny the allegations in Paragraph 134 of the Complaint.

**COUNT V**
**(Alleged MWHL – Failure to Properly Pay Overtime)**
**(Plaintiff Gottke)**

135.   Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein.  Defendants deny the allegations in this Paragraph.

136.   Defendants deny the allegations in Paragraph 136 of the Complaint.

137.   The first sentence in this Paragraph contains a conclusion of law to which no response is required.  The remaining allegations in this Paragraph are denied.

138.   Defendants deny the allegations in Paragraph 138 of the Complaint.

**COUNT VI**
**(Alleged MWPCL – Failure to Pay Earned Wages)**
**(All Plaintiffs)**

139.   Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein.  Defendants deny the allegations in this Paragraph.

140.   This Paragraph contains a conclusion of law to which no response is required.

141.   This Paragraph contains a conclusion of law to which no response is required. To the extent any response is required, denied.

142.   Defendants deny the allegations in Paragraph 142 of the Complaint.

143.   Defendants deny the allegations in Paragraph 143 of the Complaint.

**COUNT VII**
**(Alleged FLSA – Retaliatory Termination)**
**(Plaintiffs Gottke and Wilgar)**

144.     Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein.  Defendants deny the allegations in this Paragraph.

145.     Defendants deny the allegations in Paragraph 145 of the Complaint.

146.     Defendants deny the allegations in Paragraph 146 of the Complaint.

147.     Defendants deny the allegations in Paragraph 147 of the Complaint.

148.     Defendants deny the allegations in Paragraph 148 of the Complaint.

**COUNT VIII**
**(Alleged Common Law – Breach of Contract)**
**(All Plaintiffs)**

149.     Defendants adopt and incorporate by reference their responses to the preceding Paragraphs of the Complaint, as if fully restated herein.  Defendants deny the allegations in this Paragraph.

150.     Defendants deny the allegations in Paragraph 150 of the Complaint.

151.     Defendants deny the allegations in Paragraph 151 of the Complaint.

152.     Defendants deny the allegations in Paragraph 152 of the Complaint.

**Prayer (Including Subparagraphs (a) through (j) on pages 26-28 of the Complaint)**

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint, or to any other relief.

**JURY DEMAND**

The unnumbered Paragraph immediately following the heading "Jury Demand" on page 28 of the Complaint contains no factual allegations to admit or deny.  To the extent a response is

required, Defendants deny the allegations of this Paragraph.  Defendants further respond by objecting to Plaintiffs' prayer for a jury trial with respect to any claim, issue, or element of relief to which Plaintiffs are not entitled to as a matter of right.

## DEFENSES

By pleading the Defenses below, Defendants do not concede that each of the matters covered by the numbered Defenses is to be proven by Defendants, and Defendants reserve their position that Plaintiffs retain the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any damages alleged.

1. Plaintiffs' Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to plead sufficient facts to state a cause of action for which relief may be granted.

2. Defendants, at all times, complied with all applicable laws, regulations and standards.

3. Plaintiffs were paid all wages due in accordance with the requirements of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL").

4. Any alleged minimum wage obligations of Defendants to Plaintiffs were satisfied by tips received by Plaintiffs, pursuant to the FLSA and MWHL.

5. Plaintiffs' claims under the FLSA are barred, in whole or in part, because Plaintiffs cannot establish that any acts or omissions by Defendants were willful under the FLSA.

6. Plaintiffs' claims under the FLSA are barred, in whole or in part, to the extent any acts or omissions by Defendants were in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA, within the meaning of 29 U.S.C. § 259.

7.      Plaintiffs' claims under the FLSA are barred, in part or in whole, because Defendants' acts or omissions were in good faith and were based upon reasonable grounds for belief that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Thus, even if Defendants are found to have violated the FLSA, Plaintiffs are not entitled to liquidated damages under the FLSA.

8.      Plaintiffs' claims under the 80/20 Rule are barred, in whole or in part, because the applicable U.S. Department of Labor regulations are not entitled to deference.

9.      Plaintiffs' claims under the 80/20 Rule are barred, in whole or in part, because the applicable U.S. Department of Labor regulations are arbitrary and capricious and an impermissible and erroneous construction of the FLSA.

10.     Any claim for treble damages and/or attorneys' fees under Maryland law are barred, in whole or in part, because a *bona fide* dispute exists as to whether Plaintiffs are owed wages claimed.

11.     Plaintiffs' claims under the FLSA are barred, in whole or in part, because Plaintiffs worked in a tipped occupation, and they cannot establish that they performed tasks unrelated and not incidental to tipped service.

12.     Plaintiffs' claims for damages are barred, in whole or in part, to the extent Plaintiffs failed to mitigate their damages, including by failing to exercise reasonable diligence to secure other employment following the termination of employment with Ammoora.

13.     To the extent, if any, Plaintiffs suffered any damages or losses, such damages and losses were the result of and were caused by Plaintiffs' own misconduct and/or omissions.

14.     Plaintiffs' claims and requests for relief are barred, in whole or in part, because Plaintiffs did not suffer any damages caused by or attributable to any alleged wrongful conduct by Defendants.

15.     Plaintiffs' claims under the FLSA and/or MWHL are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and/or unclean hands due to the conduct of the Plaintiffs.

16.     Plaintiffs are not entitled to recovery of some or all of their claimed attorneys' fees and costs.

17.     At all times relevant to this lawsuit, Defendants acted in good faith and did not violate any alleged contractual rights of any Plaintiff.

18.     Plaintiff Wilgar cannot state a claim of retaliatory termination because she voluntarily resigned and was not terminated.

19.     Neither Plaintiff Gottke nor Plaintiff Wilgar engaged in protected activity within the meaning of the FLSA.

20.     Neither Plaintiff Gottke nor Plaintiff Wilgar can establish that any alleged termination or constructive termination is causally connected to any alleged protected activity.

21.     Neither Plaintiff Gottke nor Plaintiff Wilgar can establish that any alleged termination or constructive termination would not have occurred in the absence of their alleged protected activity.

22.     Plaintiffs' claims of improper tip pooling and/or sharing are barred, in whole or in part, because Plaintiffs were not pooling and/or sharing tips with any supervisor or manager as defined by the FLSA.

## **RESERVATION OF RIGHTS**

Defendants intend to rely on such other defenses that may become available or apparent during the course of this litigation.  Defendants expressly reserve the right to amend this Answer or supplement to assert such defenses or to amend any of its denials or averments.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1.      Plaintiffs take nothing by way of the Complaint;

2.      Plaintiffs' Complaint be dismissed in its entirety with prejudice, and judgment be entered in favor of Defendants on each and every cause of action;

3.      Plaintiffs be ordered to pay Defendants' attorneys' fees and costs as permitted by law; and

4.      Defendants be awarded such other and further relief as this Court deems just and proper.


Dated: March 20, 2024                    Respectfully submitted,

                                         /s/ _____
                                         Donald E. English, Jr. (Bar No. 27534)
                                         Yedidyah Charner (Bar No. 20968)
                                         JACKSON LEWIS P.C.
                                         2800 Quarry Lake Drive, Suite 200
                                         Baltimore, MD 21209
                                         (410) 415-2000
                                         (410) 415-2001 (fax)
                                         Donald.english@jacksonlewis.com
                                         Jed.charner@jacksonlewis.com

                                         *Counsel for Defendants Ammoora, Inc.,*
                                         *Jay J. Salkini, Markie Britton, Andy Salkini,*
                                         *and Colin Kahoe*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2024, a copy of Defendants' Answer to Plaintiffs' Complaint was filed with the United States District Court for the District of Maryland via the CM/ECF system and will be served upon all counsel of record registered to receive such notifications.

/s/ _____
Yedidyah Charner (Bar No. 20968)

4864-3237-9308, v. 4